UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA PARTNOY and SERGEI PARTNOY, | No. 2:23-cv-2485-KJM-SCR |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| CHARLES DEMORE, et al., | |
| Defendants. | |

Plaintiffs move to void judgment in eight prior cases (ECF No. 5) and for default judgment in the amount of $55,000,000 for Plaintiff Elena Portnoy, formerly Kudinova ("Elena"), and $5,000,000 for Plaintiff Sergei Portnoy ("Sergei") (ECF Nos. 9, 12 & 15). Plaintiffs are proceeding *pro se*. Their motions are before the undersigned pursuant to Local Rules 302(c)(19) and 302(c)(21). Plaintiffs are effectively attempting to relitigate *for the eighth time* two lawsuits concerning Elena's immigration status that the U.S. District Court for the Northern District of California dismissed more than twenty years ago. For the reasons provided below, the undersigned recommends that the motion to void prior judgments and the motion for default judgment be denied and that this action be dismissed.

////

1

## BACKGROUND

Plaintiffs initiated this matter by filing a Complaint on October 27, 2023. Plaintiffs filed a First Amended Complaint ("FAC") on April 15, 2024.[1] Plaintiffs sue the United States of America, the former director of the INS San Francisco office Charles H. DeMore, former U.S. District Judge Martin J. Jenkins, U.S. District Judge Kimberly J. Mueller, and former U.S. District Judge David F. Levi. ECF Nos. 1, 14. The FAC alleges that on March 17, 2000, Sergei, a U.S. citizen, married Elena, a non-immigrant B-2 visitor. ECF No. 14 at ¶ 7. Sergei then submitted a Petition Form I-130 for Elena with the Immigration and Naturalization Service ("INS"), now the U.S. Citizenship and Immigration Services ("USCIS"), while Elena filed a Form I-485. *Id.* at ¶¶ 8-9. Both applications sought to adjust Elena's status to that of a lawful permanent resident based on her marriage to Sergei. *Id.*

On July 26, 2001, Defendant DeMore, then the director of INS' San Francisco office, sent Sergei a letter asserting that the INS had requested the petition and final divorce decree for Elena and her former husband Andrei Stadnikov. *Id.* at ¶ 14. The letter asserted that because Sergei never provided these documents, the INS denied his Petition Form I-130. *Id.* The FAC alleges that Sergei never received a request for additional documents. *Id.* at ¶ 17.

The FAC alleges that on August 1, 2001, Sergei filed suit against DeMore in *Sergei Portnoy v. Charles DeMore*, No. 3:01-cv-3334 MJJ ("*Portnoy I*") in the Northern District of California. ECF No. 14 at ¶ 15. The judge presiding over that case, Judge Jenkins, dismissed the case for lack of jurisdiction. *Id.* at ¶ 16. The FAC alleges that Judge Jenkins fraudulently dismissed the case to cover for DeMore's misconduct, despite knowing he had jurisdiction under the Administrative Procedure Act. *Id.* at ¶ 17.

The FAC alleges that Sergei then filed a tort case, *Sergei Portnoy v. United States and Charles H. DeMore*, Case No. 3:03-cv-4238-MJJ ("*Portnoy II*"), also in the Northern District, which Judge Jenkins dismissed for the same reasons as *Portnoy I*. ECF No. 14 at ¶¶ 18-19.

---

[1] The FAC omits several defendants included in the original complaint: an unknown "INS worker," former USCIC [*sic*] director Eduardo Aguirre, and former U.S. Attorney General John Ashcroft.

2

Sergei appealed the dismissal, but the Ninth Circuit dismissed the appeal. *Id.* at ¶ 20.

On April 4, 2005, Plaintiffs filed a complaint in this District, *Sergei Portnoy and Elena Portnoy v. United States and Charles H. DeMore*, Case No. 2:05-cv-00649-DFL-KJM ("*Portnoy III*"). ECF No. 14 at ¶ 21. Then-Magistrate Judge Mueller and District Judge Levi granted a motion to dismiss the action, finding that the arguments therein had been fully adjudicated in *Portnoy II*. *Id.* at ¶¶ 23-24. The FAC asserts that the prior judgment in *Portnoy II* did not bar *Portnoy III*. *Id.* at ¶ 25. Plaintiffs later filed five more federal lawsuits that were all dismissed based on the principle of *res judicata*. *Id.* at ¶ 26.

The FAC alleges that because of Defendants' collective fraud, Elena's application for naturalization was denied and she was deported, which separated her from Sergei and her children for eleven years. *Id.* at ¶¶ 28-31. Elena seeks $55,000,000, and Sergei $5,000,000, in actual and punitive damages. *Id.* at 8.

On November 6, 2023, Plaintiffs filed a Rule 60(b)(4) motion to void the judgments "due to fraud upon the court" in *Portnoy I, Portnoy II,* and *Portnoy III*, as well as in five subsequent lawsuits concerning Elena's naturalization application Plaintiffs filed in this Court (Case No. 2:08-cv-1266 MCE-GGH, Case No. 2:09-cv-1935 GEB-DAD, Case No. 2:10-cv-1680 FCD-KJM, Case No. 2:11-cv-264 GEB-EFB, and Case No. 2:14-cv-422 LKK-CKD). ECF No. 5. Plaintiffs' Rule 60 motion does not, however, include another lawsuit they filed in this Court concerning the same subject and, effectively, against the same defendants (Case No. 2:15-cv-1839 TLN-AC).

Defendants have not appeared in this action, though it is also not clear whether they have been properly served. On January 10, 2024, Plaintiffs requested entry of default and moved for default judgment against all Defendants. ECF Nos. 8-9. On January 12, 2024, the clerk declined to enter default for failure to specify who was served or where. ECF No. 10. On January 16, 2024, Plaintiffs again requested entry of default and moved for default judgment against all Defendants. ECF Nos. 11-12. On February 7, 2024, Plaintiffs submitted additional evidence in support of their request for entry of default. ECF No. 13. Plaintiffs renewed the motion for default judgment on July 10, 2024, after filing their FAC on April 15, 2024. ECF Nos. 14-15.

## ANALYSIS

**1. <u>No Basis for Vacating the Previous Judgments Exists</u>**

### i. Applicable Rule 60(b) Standards

"On motion and just terms, the court may relieve a party" from a prior judgment if, *inter alia*, it was "void" or based on "fraud…misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3)–(4). A judgment is any decree and any order from which an appeal lies. Fed. R. Civ. P. 54(a). The motion must be made within a reasonable time, and such time must not be more than a year after entry of the judgment or date of proceeding if based, *inter alia*, on fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(c)(1).

A party moving for this relief must demonstrate that the "motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Nansamba v. North Shore Medical Center, Inc.*, 727 F.3d 33, 37-38 (1st Cir. 2013). The court shall not grant the motion if the moving party "merely revisits the original issues and seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *Van Skiver v. U.S.,* 952 F.2d 1241, 1244 (10th Cir. 1991)).

### ii. Plaintiffs' Motion is Without Merit

Plaintiffs' motion to "void" prior judgments under Rule 60(b)(4) alleges summarily and without evidence that Judge Jenkins and Judge Mueller deliberately lied in order to effect dismissals in *Portnoy I, II,* and *III*. Plaintiffs reason that because these initial cases were based fraudulent judicial decision making, the dismissal of Plaintiffs' subsequent related cases should not be *res judicata*.[2] ECF No. 5. Plaintiffs also assert without evidence that Judge Delaney

---

[2] As indicated above, Plaintiffs also seek to void the judgments in the following cases of this Court: Case No. 2:08-cv-1266 MCE-GGH, Case No. 2:09-cv-1935 GEB-DAD, Case No. 2:10-cv-1680 FCD-KJM, Case No. 2:11-cv-264 GEB-EFB, and E.D. Cal. Case No. 2:14-cv-422 LKK-CKD.

deliberately lied in E.D. Cal. Case No. 2:14-cv-1422.[3]

Beyond the lack of any evidence support Plaintiffs' "these judges lied" theory, there are several other reasons why Plaintiffs motion must be denied. First, as to *Portnoy I* and *Portnoy II*, the motion is filed in the wrong court. A Rule 60 motion should be filed in the court that issued the original judgment. *See Coalition For A Level Playing Field, L.L.C. v. AutoZone, Inc.*, 737 F.Supp.2d 194, 208 (S.D.N.Y. 2010) ("[a] Rule 60 motion … generally must be addressed to the court that issued the challenged judgment"). In *Portnoy I* and *Portnoy II*, that is the Northern District.

Second, Plaintiffs' motion is untimely. A motion to vacate a judgment as "void" must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *Nansamba*, 727 F.3d at 37. Judge Jenkins dismissed *Portnoy I* in October 2002, over two decades ago. ECF No. 5 at 9. Plaintiffs have unsuccessfully sought to undo the judgment in *Portnoy I* many times in the past, and the current attempt some decades later is untimely under any conception of "reasonable time." To the extent Plaintiffs seek to void the *Portnoy I* judgment on grounds of fraud because the government purportedly "actively lied and concealed its own wrongdoing," they needed to file such a motion by October 2003. *See* ECF No. 5 at 6; Fed. R. Civ. P. 60(c)(1).

Third, Plaintiffs' arguments concerning the preclusive effect of the prior judgments are wrong. Plaintiffs claim that the judgments they challenge are not *res judicata* because those judgments involved jurisdictional rulings, citing *Hughes v. United States*, 71 U.S. 232 (1866). ECF No. 5 at 4. *Hughes* stated that a litigant can avoid preclusion when "the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action[.]" 71 U.S. at 237. Subsequent case law makes clear, however, that a district court's final decision that it lacks subject matter jurisdiction—as in *Portnoy I* and *Portnoy II* (ECF No. 5 at 8)—precludes the plaintiff from relitigating subject matter jurisdiction over the same claim. *See*

---

[3] Plaintiffs also outrageously suggest that Judge Delaney may be "retarded" or "fully incompetent." ECF No. 5. Plaintiffs are warned that further use of such insulting language may result in the issuance of an order to show cause as to why they should not be sanctioned.

5

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999) ("When a court has rendered a judgment in a contested action, the judgment ordinarily precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation.") (alteration and quotation omitted); *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."); *Fishel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1005–1006 (9th Cir. 1995) (holding that where the plaintiffs had a full and fair opportunity to litigate the issue of subject matter jurisdiction before the district court, the district court fully decided the issue, and the judgment had become final, res judicata principles precluded the plaintiffs from relitigating subject matter jurisdiction in a subsequent attorney's fee proceeding). Accordingly, the jurisdictional rulings in the challenged judgments are preclusive as to Plaintiffs in the present case.

Plaintiffs' only other argument is that they could not pursue administrative remedies because the INS never requested the documents that it later claimed Plaintiffs failed to provide. ECF No. 5 at 2, 4. Plaintiffs effectively ask the court to void Judge Jenkins' dismissal, and all subsequent ones, solely because he purportedly incorrectly found that Plaintiffs did not exhaust administrative remedies. This Court cannot grant a Rule 60 motion that merely "revisits the original issues." *See Lebahn*, 813 F.3d at 1306. Plaintiffs Rule 60(b)(4) motion to void prior judgments is patently meritless and should be DENIED.

**2. The Motion for Default Judgment is Premature and Meritless**

By definition, a defendant may apply for default judgment only after the clerk enters default. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Here, although Plaintiffs have requested entry of default multiple times, the clerk's office has not entered default. *See* ECF Nos. 8, 10-11, 15-16. Indeed, the clerk expressly "deline[d] to enter" default "due to the summons not specifying who was served or where (location)." ECF No. 10. Any motion for default judgment filed before default is entered is premature and should be DENIED. Because this action should be dismissed as a whole for reasons explained below, any motion for default

////

judgment is also meritless.[4]

### 3. This Action Should Be Dismissed

District courts' discretion to control their dockets includes discretion to "impose sanctions including, where appropriate, default or dismissal." *Adams v. Cal. Dept. Of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). This includes dismissal of "a duplicative later-filed action[.]" *Adams*, 487 F.3d at 688. This action is substantively duplicative of at least nine prior cases—the eight cases identified in their Rule 60 motion as well as Case No. 2:15-cv-1839 TLN-AC (E.D. Cal.).

There are other reasons why this case should be dismissed. Three of the five Defendants in this action are sued for judgments passed in their capacities as current or former federal judges. ECF No. 14 at 1, 5-7. Federal judges are absolutely immune from suit where, as here, they are sued for their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam) (citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (federal judge enjoys absolute judicial immunity when sued for actions that "were judicial in nature and were not done in clear absence of all jurisdiction"). This alone merits dismissal of the FAC as against Judge Jenkins, Judge Mueller and Judge Levi.

This action is also barred under *res judicata* principles. *Res judicata* includes two related concepts – claim preclusion and issue preclusion. Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Strugell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different

---

[4] Plaintiffs' earlier motions for default judgment (ECF Nos. 9 & 12) have not been adjudicated, but are based on a complaint that has been superseded by the FAC. Beyond the other reasons provided here, those earlier motions concern an obsolete pleading and should be summarily denied. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent.").

claim. *Taylor*, 553 U.S. at 892 (quoting *New Hampshire,* 532 U.S. at 748–749).

As discussed above, the judgments in *Portnoy I* and *Portnoy II* precluded the claims in subsequent actions pursuant to the principle of *res judicata*. *Res judicata* can preclude both previously litigated claims and previously litigated issues of fact or law. *See Taylor*, 553 U.S. at 892. Judge Jenkins already determined that Plaintiffs' failure to exhaust administrative remedies precluded any recovery based on the INS' rejection of their applications. ECF No. 5 at 8-9. This action stems from the same denial, albeit with allegations that every judge that "dismissed adjudication" of this denial has engaged in fraud. ECF No. 14 at ¶¶ 13-14, 16-17, 23-26. This Court is bound by the prior finding that Plaintiffs have failed to exhaust administrative remedies and therefore cannot bring an action in district court.

The Court should exercise its discretion to DISMISS this action as duplicative of and precluded by prior litigation, and because of judicial immunity.

### CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. The motion to void prior judgments (ECF No. 5) be DENIED
2. The motions for default judgment (ECF Nos. 9, 12 & 15) be DENIED; and
3. The FAC be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the Court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file

////
////
////
////
////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE